UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF INGRAM BARGE COMPANY, AS OWNER OF THE ING4727, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>No. 05-4419<br><br>SECTION "C" |

ORDER AND REASONS

      Before the Court is a Motion to Strike Class Action Allegations (Rec. Doc. 18) filed by Plaintiff in Limitation, Ingram Barge Company ("Ingram"). Ingram asserts that a class action proceeding is incompatible with a limitation proceeding and requests that the Court (1) strike the claimants' class action allegations; and (2) require all claimants to appear individually and present their claims in accordance with Rule F and this Court's Order of September 29, 2005. (Rec. Doc. 18, p. 4). Having considered the briefs and the applicable law, the Court hereby **GRANTS** Ingram's motion for the following reasons.

      In the only appellate decision to have considered this particular question, the Fifth Circuit held that "a class action may not be instituted in a limitation proceeding." Lloyd's Leasing Ltd. v.

Bates, 902 F.2d 368, 370 (5th Cir.1990).  In that case,  the M/T Alvenus ran aground near Cameron, Louisiana, causing a massive oil spill which eventually washed ashore in the Galveston, Texas area.  The owner of the ship filed a limitation of liability complaint shortly thereafter.   Over 375 claimants then filed claims against the petitioner and third-party defendants and moved for class certification.  The district court denied the motion for class certification.

In affirming the lower court's decision, the Fifth Circuit concluded that the requirements of Rule 23 of the Federal Rules of Civil Procedure were fundamentally inconsistent in a number of ways with the unique procedural requirements of Supplemental Rule F, which governs admiralty claims.[1]  First, the Fifth Circuit asserted that "the class action interferes with the concursus contemplated by the limitation of liability proceeding."  Lloyd's Leasing Ltd, 902 F.2d at 370.  The court  noted that Rule F requires all potential claimants to litigate their claims in a single proceeding that "binds the entire world."  Id.  In contrast, Rule 23 allows potential claimants to "opt-out" of the class and thereby avoid the comprehensive preclusive effect intended by Rule F.  Second, "the notice requirements of the limitation proceeding are more restrictive than the notice requirements of the class action."  Id.  Finally, the Fifth Circuit found that "the entire thrust of Supplemental Rule F is that each claimant must appear individually and this is obviously inconsistent with the class action." Id.  Consequently, the court concluded that "the two rules are incompatible, and class representation in the sense of Rule 23 should therefore not be allowed in limitation proceedings."  Id.  (quoting Staring, Limitation Practice and

---

[1] To the extent that admiralty rules conflict with the Federal Rules of Civil Procedure, admiralty rules trump. See Supplemental Rule A for Certain Admiralty and Maritime Claims ("[t]he general Rules of Civil Procedure ... [are] applicable to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules.").

Procedure, 53 Tul.L.Rev. 1134, 1150 (1979).

Since Lloyd's Leasing, it appears that every lower court faced with this issue has followed suit.  See, e.g., In the Matter of the Complaint of River City Towing Services, Inc., 204 F.R.D. 94(E.D.La. 2001) (granting motion to strike class action allegations); Humpreys v. Hal Antillen, 1994 WL 682811 (E.D.La. 1994) (dismissing complaint for class action).  The state of the law in this area is therefore clear: class actions are incompatible with limitation proceedings.

Claimants are unable to distinguish this case from the cases that have disallowed class actions in limitation proceedings.  All that is relevant to this motion is the fact that claimants are attempting to certify a class in the context of a limitation proceeding.  As the district court noted in River City Towing, the Lloyd Leasing court did not distinguish different kinds of class actions.  River City Towing, 204 F.R.D. at 96.  It simply stated, "[C]lass representation in the sense of Rule 23" is fundamentally incompatible with a limitation proceeding.  Lloyd's Leasing Ltd, 902 F.2d at 370.  There is no reason to deviate from that rule in this case.

Accordingly,

**IT IS ORDERED** that Ingram's Motion to Strike Class Action Allegations is **GRANTED**.

New Orleans, Louisiana, this 12th day of April, 2006.

                                                                HELEN G. BERRIGAN
                                                                UNITED STATES DISTRICT JUDGE