UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE                                CIVIL ACTION
COMPLAINT OF INGRAM BARGE
COMPANY, AS OWNER OF THE                            No. 05-4419
ING4727, PETITIONING FOR
EXONERATION FROM OR                                 SECTION "C"
LIMITATION OF LIABILITY

## ORDER AND REASONS

Before the Court is a Motion to Strike Claim and Jury Demand filed by Unique Towing, Inc. and Joseph C. Domino, Inc. (collectively, "Petitioners") (Rec. Doc. 255). Petitioners assert that a class action proceeding is incompatible with a limitation proceeding and request that the Court apply its prior ruling in this case regarding class action allegations. See, Rec. Doc. 128. The referenced ruling (1) struck the claimants' class action allegations, and (2) required all claimants to appear individually and present their claims in accordance with Rule F and this Court's Order of September 30, 2005 (Rec. Doc. 4). *Id.* Petitioners also pray that this Court strike Claimants' jury demand. Claimants oppose the motion. The motion is before the Court on the briefs without oral argument. Having considered the memoranda of counsel, the arguments and the applicable law, the Court hereby **GRANTS** Petitioners motion for the following reasons.

### 1. Class Action Allegations

In their motion, Petitioners cite *Lloyds' Leasing Ltd. v. Bates*, 902 F.2d 368, 370 (5th Cir. 1990), which clearly stands for the proposition that "[C]lass representation in the sense of Rule 23" is fundamentally incompatible with a limitation proceeding. This Court has already applied that proposition to this case. See, Rec. Doc. 128. Claimants have not offered any new arguments as to why the holding of *Lloyds' Leasing* should not be applied to this case. Therefore, the Court reaffirms its prior ruling in this case and hereby strikes Claimants' class allegations.

## 2. Jury Demand

Federal Rule of Civil Procedure 38(e) provides that there is no right to trial by jury of issues in an admiralty or maritime claim. See, *Waring v. Clark*, 46 U.S. 441, 5 How. 441, 12 L.Ed. 226 (1847). Furthermore, jury trials are generally not available in limitation of liability actions. *Beiswenger Enterprises Corp v. Carletta*, 86 F.3d 1032 (11th Cir. 1996); *Doughty v. Nebel Towing*, 270 F.Supp. 957 (E.D.La. 1967); *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449 (4th Cir. 1999). However, if the limitation is denied, the claimants may elect to proceed before a jury with other actions. *Pershing Rentals v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960); *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1010 (4th Cir. 1985).

In the case at bar, Claimants are proceeding in a limitation action. On September 30, 2005, this Court entered an order restraining all claims outside the limitation proceeding as required by Rule F. See, Rec. Doc. 4. Thus, while the limitation action is pending, there is no right to trial by jury. If and when limitation is denied, the Court will revisit the jury demand issues, pursuant to motions from the parties.

For the reasons stated above,

**IT IS ORDERED** that Petitioners' Motion to Strike Claim and Jury Demand is

**GRANTED**.

**IT IS FURTHER ORDERED** that Claimants appear individually in accordance with Rule F and this Courts Order of September 30, 2005 (Rec. Doc. 4).

New Orleans, Louisiana, this 19th day of October, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE