UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF INGRAM BARGE COMPANY, AS OWNER OF THE ING4727, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>No. 05-4419<br><br>SECTION "C" |

ORDER AND REASONS

Before this Court is a Motion to Remand filed by the plaintiffs, Marie Short Benoit, et. al. ("Benoit Plaintiffs") (Rec. Doc. 343). Defendants, Lafarge North America, Inc. ("LNA"), Raymond Grabert, Sr. and David Scott Castaing oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the Benoit Plaintiffs' Motion to Remand is **DENIED**.

The Benoit Plaintiffs were residents of the area of New Orleans, Louisiana known as the Lower Ninth Ward. Their property was allegedly damaged in the aftermath of Hurricane Katrina when the Barge ING4727, in the custody and control of LNA, broke lose from its mooring and struck the flood wall on the east side of the Industrial Canal, causing or contributing to the failure of that flood wall. The Benoit Plaintiffs brought this action in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging negligence against all of the defendants for

their actions which allegedly contributed to the levee breach.  The defendants removed the action to this Court alleging jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA") (28 U.S.C. §§ 1369, 1441(e)), the Class Action Fairness Act (28 U.S.C. § 1332(d)) and diversity of citizenship (28 U.S.C. § 1332).  The Benoit Plaintiffs then filed this Motion to Remand, claiming that this Court lacks subject matter jurisdiction.

Under 28 U.S.C.§ 1332(d), the Class Action Fairness Act, the federal district court has original jurisdiction over any action in which: (1) the case is a class action brought on behalf of at least one hundred putative class members; (2) the amount in controversy exceeds $5,000,000, exclusive of interests and costs; (3) any member of a class of plaintiffs is a citizen of a state different from any defendant.

Here, it is undisputed that the basic elements are met.  See, Rec. Doc. 389.  The putative class has hundreds of members and the amount in controversy clearly exceeds $5,000,000.  See, Rec. Doc. 1. Also, the Benoit Plaintiffs include citizens of Louisiana and LNA, a defendant, is a citizen of Maryland and Virginia.  See, Rec. Doc. 389.

Although the basic elements for federal jurisdiction under the Class Action Fairness Act are satisfied, the Benoit plaintiffs argue that the "Home State" exception dictates that this Court should decline to exercise jurisdiction.  Under the "Home State" exception, the district court must decline to exercise jurisdiction if more than two-thirds of the potential plaintiffs are citizens of the state in which the action was filed and at least one of the primary defendants is also a citizen of that state. 28 U.S.C.§ 1332(d)(4).  The Benoit plaintiffs point out that this case was filed in Louisiana and more than two thirds of the plaintiffs are Louisiana citizens.   Then they argue that the primary defendants are the Louisiana citizens, Castaing, Grabert, Dufrene, Templit

and Thigpan because these men were personally responsible for the towage and mooring of the Barge ING 4727.  See, Rec. Doc. 343.

Although these defendants allegedly had direct roles in the alleged harm, they are not the primary defendants.  The primary defendant in this action is LNA.  These other defendants were all working in some respect for LNA at the time of the incident. LNA is the party that will and is most able to bear most of the liability if the plaintiffs prevail.  Therefore, LNA is the primary defendant.

Accordingly,

IT IS ORDERED that the Benoit Plaintiffs' Motion to Remand is **DENIED**.

New Orleans, Louisiana this 10th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE