UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF INGRAM BARGE COMPANY, AS OWNER OF THE ING4727, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>No. 05-4419<br><br>SECTION "C" |

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by the Parfait Family, et. al. ("Parfait Plaintiffs") (Rec. Doc. 523). The Parfait Plaintiffs seek reconsideration of this Court's order, which dismissed their third-party complaint against the United States on the grounds of res judicata and for their failure to exhaust their administrative remedies (Rec. Doc. 505). The United States opposes this motion. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **DENIED**.

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms. See, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. See, *Id.* The Court rendered its order on the United States' motion to dismiss on January 16, 2007. The Parfait Plaintiffs filed their Motion for Reconsideration on January 25, 2007, within 10 days after the Court's ruling.

Therefore, Rule 59(e) governs Parfait Plaintiffs' Motion for Reconsideration. In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on*

*other grounds,* 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Rule 59(e) is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

Here, the Parfait Plaintiffs argue that this Court committed a clear and manifest error of fact and law.  First, they argue that the Court was wrong to say that they did not oppose the United States' motion to dismiss.  They argue that their opposition memorandum was not entered into the record due to some computer "glitch" or fault on the part of the Court.  The Court is mindful of these contentions and has considered the arguments that the Parfait Plaintiffs presented in opposition to the United States' motion to dismiss.  However, the Court is unpersuaded that it erred in dismissing their third-party complaint on the grounds of res judicata and failure to exhaust their administrative remedies.

In opposition to the motion to dismiss, the Parfait Plaintiffs argued that they should not be required to submit an administrative claim in order to pursue their claims against the United States in this Court.  First, they argue that the Commander of the United States Army Corps of Engineers ("USACE"), Lt. Gen. Carl Strock admitted liability on the part of the United States and that this allegedly irrevocable admission excuses them from the administrative remedy requirement of the Federal Tort Claims Act ("FTCA").  The Parfait Plaintiffs have provided little more than media reports in which Lt. Gen. Carl Strock stated that there were design problems with the structure.  This is not a waiver of the FTCA administrative remedy requirement.  As the United States points out in its memorandum in opposition to this motion to reconsider, no alleged admission against interest by an agent or employee of the United States can waive the

2

statutory requirements of a waiver of sovereign immunity. The FTCA's administrative remedies requirement is jurisdictional and cannot be so waived. *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227 (3rd Cir. 1976), *cert. denied*, 429 U.S. 857 (1976) (citing, *Pennsylvania v. Nat'l Assoc. of Flood Insurers*, 520 F.2d 11, 23-24 (3rd Cir. 1975); *Bialowas v. United States*, 443 F.2d 1047, 1049 (3rd Cir. 1071).

Next, the Parfait Plaintiffs argue that they are not required to bring an administrative claim because third-party complainants are excepted from this requirement. The Parfait Plaintiffs are correct that a party with a "true third-party claim" is not required to first exhaust his administrative remedies. See, 28 U.S.C. § 2675(a). However, the Parfait Plaintiffs have not stated a "true third-party claim" because their claim could, and has been, brought as a direct and original complaint against the United States. See, *Rosario*, 531 F.2d at 1231; *Northridge Bank v. Community Eye Care Ctr., Inc.*, 655 F.2d 832 (7th Cir. 1981). Furthermore, this Court has ruled that the Admiralty Extension Act ("AEA"), 46 U.S.C. § 740 applies to the "barge-related" claims in this suit, not the Suits in Admiralty Act, 46 U.S.C. § 740. The AEA contains an administrative remedies requirement that mirrors that of the FTCA and the plaintiffs have not satisfied it. Therefore, this Court lacks jurisdiction to hear their claims against the United States that may arise under the AEA.

In the alternative, the Parfait Plaintiffs also argue that they did submit a valid claim to the proper administrative agency, the USACE. Under 28 C.F.R. § 14.2(a),

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident;

3

> and the title or legal capacity of the person signing, and [must be] accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

Here, the Parfait Plaintiffs claim that they submitted their claim to the USACE by a letter dated February 17, 2006. This seventeen page letter lists plaintiffs for the sixteen and one-half pages and then the statutory basis for their claims for the next one-half page. At the end, the letter says that the claims arise out of Hurricane Katrina and that "each individual claim is in the certain sum of $2.5 million . . ."

The United States, on the other hand, contends that this letter did not satisfy the requirements of 28 C.F.R. § 14.2(a). According to the United States, this letter was not sufficient to give the agency written notice of the claim sufficient to enable the agency to investigate the claim and place a value on the claims. See, *Adams v. United States*, 615 F.2d 284, 289 (5th Cir., *on rehearing*, 622 F.2d 197 (5th Cir. 1980); *Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982).

The Court agrees with the United States. The Parfait Plaintiffs' letter simply listed the plaintiffs and said that each of them had damages of $2.5 million arising out of the deficient preparations and responses of the agency to Hurricane Katrina and its aftermath. These statements do not provide the government with the information necessary to investigate the individual claims and place value on them. Each of the plaintiffs listed in the sixteen and one-half pages could not have suffered exactly the same damages. Furthermore, there is no information provided as to each plaintiff's specific injuries and/or damages. The government cannot be expected to investigate a claim that is stated and valued as broadly as Parfait Plaintiffs' was in their February 17, 2006 letter.

Finally, the Parfait Plaintiffs attempt to appeal to this Court's sympathy.  They argue that their claims should not be dismissed because "equity, justice, judicial economy and common sense dictate" that a dismissal of their claims would not further the logic of the administrative remedies requirement of the FTCA.  They also claim that the government is using the administrative remedies requirement as a way to basically ignore the plaintiffs' claims.

The FTCA is a waiver of sovereign immunity that must be strictly construed.  See, *United States v. Sherwood*, 312 U.S. 584, 590-91, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).  Congress, in granting a waiver of sovereign immunity, may define the exact conditions of such waiver.  See, *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967).  The United States' consent to be sued in tort under the FTCA is limited.  As mentioned above, one such limitation is the requirement that the plaintiff must first exhaust his or her administrative remedies in order for the district court to be able to exercise jurisdiction. See, 28 U.S.C. § 2675(a).   Although the Court sympathizes with the Parfait Plaintiffs, it cannot ignore Congress' express jurisdictional mandate in the FTCA.

Finally, the Court stands by its assessment that the United States' motion to dismiss should have been granted under the doctrine of res judicata.  As the Court stated, in the third-party complaint in question, the Parfait Plaintiffs state various claims against the United States through the USACE and/or the United States Coast Guard which are the same claims that they stated in their complaint, first third-party complaint and first supplemental third-party complaint.  Those claims were previously dismissed for the Parfait Plaintiffs' failure to exhaust their administrative remedies and they have not yet asserted a proper claim to the appropriate agency.  Thus, the doctrine of res judicata dictates that the Parfait Plaintiffs' claims against the United

States asserted in their latest third-party complaint must also be dismissed.

Accordingly,

IT IS ORDERED that the Parfait Plaintiffs' Motion to Reconsider is hereby **DENIED**.

New Orleans, Louisiana this 12th day of February, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE