UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF INGRAM BARGE COMPANY, AS OWNER OF THE ING4727, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>No. 05-4419 c/w 06-3313<br><br>SECTION "C" (2) |

**ORDER AND REASONS**

Before the Court is a Motion for Reconsideration filed by Joseph C. Domino, Inc. ("Domino") (Rec. Doc. 931). The Group A Claimants ("Claimants") oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **DENIED**.

**I. BACKGROUND**

On March 31, 2008, the Court found that Domino and Unique Towing, Inc. could limit their liability against the Claimants.[1] Domino now claims that the Court erred by imputing the

---

[1] *In re Ingram Barge Co.*, 2008 WL 906303 at *9 (E.D.La. 2008) (stating, "the crew of the M/V REGINA H was negligent for failing to follow Domino's policies and procedures by failing to properly secure the ING4727's mooring lines after they 'flipped' the vessels because they knew the risk that Hurricane Katrina posed to the barges as they lay. However ... Unique and Domino may still limit their liability.")

negligence of the M/V REGINA H's crew to the vessel charterer or agent.  Domino argues that liability for the actions of a vessel's crew can only attach to the vessel owner, Unique Towing, Inc.  Domino asserts that it was not a bareboat or demise charterer of the vessel because it did not have complete control of the M/V REGINA H.  Indeed, Domino contends that there is no legal basis to hold it liable for the actions of the M/V REGINA H's crew.

In opposition, the Group A Claimants note that Richard Heck, the owner of the M/V REGINA H delegated management authority to Domino, including: customer contact, job acceptance, dispatch, billing, fueling the M/V REGINA H, and training the vessel's crew according to Domino's Manual.  Based on these assertions, the Claimants argue that Domino cannot escape liability for the actions or omissions of the M/V REGINA H's crew.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms.  *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997).  In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Rule 59(e) is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law."  *Washington*, 180 F.R.D. at 311.

## III. LAW & ANALYSIS

The issue on reconsideration is whether Domino, an "owner" for the purposes of this

limitation of liability proceeding, is responsible for the actions or omissions of the M/V REGINA H's crew. On reconsideration, Domino argues that it was not a demise (bareboat) charterer, and thus, cannot be liable for the actions of the M/V REGINA H's crew.

Under admiralty law, a demise (bareboat) charterer can be liable, as an owner *pro hac vice*, when the "charterer takes possession from the owner and exercises control of the vessel for a certain time." 14 A.L.R. Fed. 544 § 1[a]. Thus, a demise charterer is responsible for actions of a vessel's crew, just as the true owner would be liable. *Offshore Tel. Co. v. M/V Waterbuck*, 465 F.Supp. 1160, 1164 (D.C.La. 1979). Additionally, a demise charter need not be in writing, but must be "just short of [] an outright transfer of ownership." *St. Paul Fire & Marine Ins. Co. v. Vest Transp. Co., Inc*. 500 F.Supp. 1365, 1372 (D.C.Miss. 1980) (quoting *Gaspard v. Diamond M. Drilling Co.*, 593 F.2d 605, 606 (5 Cir. 1979)).

Domino relies on *Delta Transload, Inc. v. Motor Vessel, NAVIOS COMMANDER*, 818 F.2d 445, 451 (5th Cir. 1987) to support its argument that an owner, but not a time charterer can be held liable for a vessel's crew. In *Delta Transload*, the Fifth Circuit held that the district court erred in failing to distinguish between the owner, charterer, and husbanding agent in determining liability. The trial court in *Delta Transload* assigned the presumption of negligence to the pilot, master, crew, and line handlers. *Id.* at 451-52. However, the Fifth Circuit found that only the vessel owner was responsible for vessel's crew, and thus, the agent could not be held liable on the facts of that case. *Id.* at 452.[2]

---

[2] *See also Delta Transload, Inc. v. M/V NAVIOS COMMANDER*, 1988 WL 35027 at *7 n. 1 (E.D.La. 1988) (stating "the Court of Appeals held that, because only Navios Commander, Inc. had employees aboard the COMMANDER, 'Navios Corporation (charterer) and Navios Ship Management Services, Inc. (agent) are not liable, regardless of any determination of liability against Navios Commander, Inc. (owner).'").

The record shows that Domino served as the booking agent for the M/V REGINA H, and that the commercial relationship between Domino and Unique Towing, Inc. existed for more than twenty (20) years. The Court previously described the relationship between Domino and Unique Towing, Inc:

> Domino is not a vessel "owner," but rather a marine transportation broker. However, an "owner" for the purposes of limitation of liability is "one who is subjected to a shipowner's liability because of his exercises of dominion over [i.e., relationship to] the vessel. *See In re: Shell Oil Co.*, 780 F.Supp. 1068, 1089 (E.D.La. 1991). In other words, an operator with significant management and operational control over a vessel may seek exoneration from or limitation of liability when it acts as a manager of the vessel or acquires work for and dispatches the vessel.

*In re Ingram Barge Co.*, 2007 WL 2088369, at *3 (E.D.La. 2007). In addition, the Court noted, "by oral agreement the vessel was solely in Domino's service and Domino acquired all of her work, dispatched her to jobs, set the standards for training her crew, sent the bills for her work and received a commission for each job that the vessel performed." *Id.* Based, in part, on these facts, the Court held that "Domino had substantial control over the M/V REGINA H and can be considered an 'owner' of the M/V REGINA H for the purpose of limitation of liability." *Id.*

In the motion for reconsideration, Domino has not demonstrated a clear and manifest error of law. As previously determined, Domino had sufficient possession or command of the M/V REGINA H to be considered an "owner" of the vessel. The Court is not convinced that Domino can shed the cloak of ownership at this point in the litigation. Again, the Court finds that Domino was an "owner*"* of the M/V REGINA H because of the dominion and control that Domino exercised over the vessel. *In re Ingram Barge Co.*, 2007 WL 2088369, at *3 (E.D.La. 2007); *See also* 14 A.L.R. Fed. 544 § 1[a] (noting that owners and demise charterers are

responsible for the actions of a vessel's crew). Because the Court does not consider Domino to be anything other than an "owner," the lines drawn between owners, agents, and charterers in *Delta Transload, Inc. v. Motor Vessel, NAVIOS COMMANDER* are not applicable to this case. Consequently, Domino is liable for the negligent actions of the M/V REGINA H's crew.

**IV. CONCLUSION**

IT IS ORDERED that the Motion for Reconsideration filed by Joseph C. Domino, Inc. is DENIED (Rec. Doc. 931).

New Orleans, Louisiana this 15th day of May, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE